(94 Misc. Rep. 319)

## FRIED v. RIVKIN et al.

(Supreme Court, Appellate Term, Second Department.  March, 1916.)

1. PLEADING ☞350(1)—MOTION FOR JUDGMENT ON PLEADINGS—ADMISSION OF FACTS.

Defendant, by moving for judgment upon the pleadings, admitted the facts alleged in the complaint.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1053, 1054, 1070, 1072–1074;  Dec. Dig. ☞350(1).]

2. COURTS ☞190(2)—MUNICIPAL COURT—APPEAL—ORDER DENYING MOTION FOR JUDGMENT ON PLEADINGS—STATUTE.

Under Municipal Court Code (Laws 1915, c. 279) § 154, providing from what judgments and orders a party aggrieved may appeal to the Supreme Court, there is no right of appeal from an order of the Municipal Court denying plaintiff's motion for judgment on the pleadings.

[Ed. Note.—For other cases, see Courts, Dec. Dig. ☞190(2).]

3. COURTS ☞189(7)—MUNICIPAL COURT—MOTION FOR JUDGMENT ON PLEADINGS—STATUTES.

Municipal Court Code (Laws 1915, c. 279) §§ 88, 89, touching objections by motion to the jurisdiction and the pleadings, and providing what objections, may be taken by answer, considered with section 90, touching disposal of objections, are apparently intended only to provide the method whereby the sufficiency of a pleading can be tested, and motion for judgment on pleadings could not be made or heard pursuant to their provisions.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 458;  Dec. Dig. ☞189(7).]

Appeal from Municipal Court, Borough of Brooklyn, Seventh District.

Action by David Fried against Morris Rivkin and another.  From an order (158 N. Y. Supp. 447) denying plaintiff's motion for judgment on the pleadings, he appeals.  Appeal dismissed.

Argued before CALLAGHAN, BLACKMAR, and KAPPER, JJ.

Louis J. Gold, of New York City, for appellant.

Joseph J. Schwartz, of Brooklyn, for respondents.

CALLAGHAN, J.  This appeal is from an order the effect of which was to deny the motion made by the plaintiff upon the trial for judgment on the pleadings.  The action was brought to recover upon an undertaking given on an appeal from a judgment.  An exception to the sufficiency of the sureties, who are the defendants in this action, was served, but they failed and refused to justify, and the exception to their sufficiency was not withdrawn.  The complaint sets forth a

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

cause of action on the undertaking, but makes no reference to the exceptions which were served, or the failure of the sureties to justify. The answer admits, by failure to deny, the material allegation of the complaint, and as a separate defense alleges the giving of the undertaking and service of the notice of exceptions to the sufficiency of the sureties, the failure of the sureties to justify, and that the exceptions were never withdrawn.

[1] Permission to appeal was granted by the justice below, he apparently being under the impression that the motion was made and heard pursuant to the provisions of sections 88 and 89 of the Municipal Court Code (Laws 1915, c. 279). Provision for an appeal from orders made pursuant to these sections is found in subdivision 7 of section 154 of the Municipal Court Code. Such an appeal can only be granted by permission of the trial justice or by a justice of the appellate court. This motion could have been made and heard only pursuant to the authority given by section 91 of the Code, as the motion can be construed only as an application for judgment on the pleadings. Neither the complaint nor the special defense is demurrable or defective in any particular, and the defendant by moving upon the pleadings admitted the facts alleged therein to be true. Therefore the only question presented to the trial judge was which of the parties, on the state of facts set forth in the pleadings, was entitled to judgment. He entertained the motion and properly disposed of it; but we are without power to review the order, made by him, denying the motion for judgment on the pleadings, because it is not an appealable order.

[2] The right to appeal is a matter of favor and must be authorized by statute, and nothing in section 154, supra, can be found which gives a right to appeal from such an order, and, although the question of the right to appeal is not raised by either party, orderly procedure requires the dismissal of the appeal when authority for it is not found in the statute.

[3] The motion resulting in the order appealed from could not be made or heard pursuant to the provisions of sections 88 and 89 of the Code. Construed in the light of section 90, it is apparent that these sections were intended only to provide a method by which the sufficiency of a pleading could be tested. They took the place of all forms of demurrers, pleas of abatement, the statute of limitations, and the various technical defenses given by statute. The Legislature intended by these sections to establish a uniform practice for disposing of all objections to the pleadings which do not go to the merits before the action is reached for trial. Such objections can be raised by necessary motion or special appearance. This practice is new and has not heretofore been in vogue in any of the courts of this state. All motions under sections 88 and 89 of the Code should be made upon motion before the trial, while a motion for judgment on the pleadings can be made, as was the one upon the trial, at any time after issue joined.

It follows, therefore, that this appeal must be dismissed, with $10 costs. All concur.